**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

O.T. AFRICA LINE,
Plaintiff-Appellee,

v.

TOP EXPRESS, INCORPORATED,
Defendant-Appellant,

and                                                                    No. 96-2533

CRESTAR BANK,
Defendant,

v.

MICHELLE ASONYE; CHRIS ASONYE,
Third Party Defendants.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Deborah K. Chasanow, District Judge.
(CA-95-3007-DKC)

Submitted: September 9, 1997

Decided: September 25, 1997

Before MURNAGHAN, NIEMEYER, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David E. Fox, Denise Ann Maniscalco, Washington, D.C., for Appel-
lant. J. Stephen Simms, W. Charles Bailey, Jr., GREBER & SIMMS,
Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Top Express, Inc., appeals from a district court order reinstating a default judgment against it. Top Express asserts that the district court erred by conditioning its decision to set aside the default judgment on the posting of a bond. Top Express argues: (1) that the default judgment was void as a matter of law because there was improper service of process, and it should have therefore been automatically set aside without any conditions; (2) that the court abused its discretion by requiring the company's president and registered agent, Godwin Anamanya, to personally post the bond; (3) that the court erred by sua sponte piercing the corporate veil; (4) that the bond acted as an improper prejudgment attachment; (5) that the posting of a bond, coupled with the garnishment on Top Express's operating account, constituted a "double attachment;" (6) that reinstating the default judgment was erroneous since Top Express made a good faith effort to post the bond; and (7) that the cumulative effect of the bond and the attachment of its operating account was highly prejudicial to a small business like Top Express. Finding no reversible error, we affirm.

Top Express contracted with O.T. Africa Line to ship two vehicles from Baltimore to Nigeria. There was a complication in the shipment, which is not pertinent to this appeal, and Top Express failed to pay. O.T. Africa Line filed a lawsuit and initiated steps to serve Top Express. The process server made two attempts to serve Anamanya at his residence of record and three attempts to serve him at Top Express's office, but all attempts were unsuccessful. Finally, the process server left the summons and complaint with the only employee who was ever in the office, Lisa Pereira. Pereira submitted an affidavit stating that she gave the summons and complaint to Anamanya, but Anamanya claimed that he never received them.

2

In any event, Top Express never responded to the complaint, and the district entered a default judgment in Plaintiff's favor. Top Express claimed that it did not find out about the suit until it received a notice of garnishment on its operating account. Top Express immediately took steps to set aside the default judgment and to quash the garnishment. After an evidentiary hearing, the district court granted Top Express's motion to set aside the default judgment on three conditions: (1) that Top Express and Anamanya post a $20,000 bond to cover the full amount of the claim; (2) that Anamanya personally participate in a good faith settlement conference; and (3) that Top Express accept service of process. Anamanya agreed to these conditions. After four months, Top Express failed to post the required bond, and O.T. Africa Line filed a motion to reinstate the default judgment.[1] Top Express was given five days to show that it had applied for the bond, but it failed to respond, and the district court reinstated the default judgment.

The district court did not make a specific finding on the issue of whether service was proper in this case, and we decline to do so on appeal. Even if service were improper and the default judgment were void, Fed. R. Civ. P. 55(c) and 60(b) give the district court the option of granting or denying relief to a party. The district court has broad discretion in this area, and we find no abuse of that discretion here. See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 810 (4th Cir. 1988). In Augusta Fiberglass, the defendant posted a bond in the full amount of the plaintiff's claim, and we approved of that practice. Id. at 812. Accordingly, the district court here did not exceed its authority by requiring Top Express to post a similar bond.

Since Anamanya is not a party to this action in his individual capacity, we find that Top Express lacks standing to assert that he was prejudiced by the requirement that he personally post the bond. Nevertheless, we find that the district court did not abuse its discretion in

_____

[1] The record shows that Top Express filed a bond application with the district court approximately one month after the court's order requiring the bond. However, no further action was taken on the application.

3

piercing the corporate veil and requiring that either Top Express or Anamanya post the bond.**2**

Top Express cites no authority for its assertion that the posting of a bond is equivalent to an attachment, and we find the two actions legally distinct. We likewise reject Top Express's contention that the district court's order constituted a type of double attachment. Had Top Express posted the bond, the default judgment would have been set aside, and the garnishment would have been removed.

Finally, we find that the district court properly reinstated the default judgment and that Top Express failed to establish any prejudice. Contrary to Top Express's assertions of good faith, the record shows that Top Express did not apply for a bond until over one month after the district court entered its order. In addition, aside from its own allegations, there was no evidence that Top Express was rejected for a bond. Top Express also failed to show that it made more than one application, despite being given approximately four months to do so. Finally, the record before the district court refutes Top Express's claim that it had insufficient assets to obtain the required bond due to the garnishment of its operating account. The bond application shows a bank account with over $46,000 in cash and total assets exceeding total liabilities by over $250,000.**3**

We therefore affirm the order of the district court. Appellee's consent motion to submit the case to the court on the briefs is granted. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

_____

**2** The record shows that Anamanya and his wife were the sole stockholders in Top Express, and Pereira was the only other employee.
**3** We note that the $15,000 in the operating account appears to be listed under "other assets" on the application.

4